UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **LEONTYNE S. BANKS**, | ) | |
| | ) | |
| **Plaintiff,** | ) | **No: 22 CV 1716** |
| | ) | |
| vs. | ) | **Jury Demand** |
| | ) | |
| **MEDLINE INDUSTRIES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT
AS AND FOR A FIRST CAUSE OF ACTION
(42 USC §1981-RACE DISCRIMINATION)**

**Nature of the Action**

1**.** This is an action under 42 USC §1981 for the Defendant, **MEDLINE INDUSTRIES, INC.,** ("MEDLINE") having subjected Plaintiff, **LEONTYNE S. BANKS** hereinafter ("BANKS" or "Plaintiff") to race discrimination (disparate treatment).

**JURISDICTION AND VEMEDLINEE**

2. Jurisdiction of this Court is invoked by 42 USC §1981 *et seq*., 42 USC §1983 et seq., and 28 U.S.C. Sections §1331 and 28 USC §1343. The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division and the defendants maintain one of their facilities in Vernon Hills, Illinois.

3. The employment practice hereinafter alleged to be unlawful where and is now being committed in the Northern District of Illinois and venue is proper pursuant to 28 USC §1391(b).

## PARTIES

4. BANKS is an African-American Black female who is a resident of Vernon Hills, Illinois.

5. BANKS was an employee of Defendant MEDLINE hired as a Regulatory Specialist during the period from August of 2008, until August 4, 2021, when BANKS, because of her treatment by her supervisors and the hostile work environment, was wrongfully terminated.

6. At all times relevant, MEDLINE, is corporation organized under the laws of Illinois has was BANKS'S employer.

## FACTUAL ALLEGATIONS

7. The history of BANKS'S employment shows she was subject to strict terms and conditions of employment, then she was terminated from employment because of the excessive discipline imposed by her supervisors. Other non-African American Blacks were not treated to the same excessive discipline for similar conduct.

8. Treating African-American Blacks differently in work performance than non-African American Blacks was a regular practice of MEDLINE, to wit:

      a) She was subjected to extra scrutiny in her work environment, by an management employees not of BANKS's race and

      b) She was subjected to a greater workload than other non-black employees..

9. All of BANKS'S performance was at least the minimum work performance required by MEDLINE however, because of her being African-American, she was held to a higher standard of performance than non-African American employees.

24. By committing the above alleged acts, MEDLINE violated 42 USC §1981 and §1981 *et seq*.

25. MEDLINE's actions reflect a policy, custom or pattern of official conduct of engaging in and condoning discrimination against individuals based upon race.

26. The conduct alleged herein constitutes a pattern, custom and practice of discrimination against African-American Blacks based upon their race. This conduct constitutes an official policy or custom of MEDLINE, which has adversely affected BANKS and violated her rights to make and enforce contracts and the enjoyment of all the benefits, privileges, terms and conditions of the contractual relationships, under 42 U.S.C. § 1981.

27. MEDLINE is responsible for the acts of its supervisors who are acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of race discrimination.

28. Defendants' violations of 42 USC §1981 of the race discrimination and disparate treatment proximately caused BANKS to suffer loss of employment, loss of income, loss of monetary benefits, mental stress, and emotional pain and suffering.

29. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiff's protected rights.

WHEREFORE, Plaintiff LEONTYNE S. BANKS, seeks the following relief as to the First Cause of Action of her Complaint:

A. Entry of judgment in LEONTYNE S. BANKS's favor against both Defendant for its violations of Plaintiff's Section 1981 *et seq*;

B. Reinstatement to her former position with Defendant MEDLINE with full salary, seniority and benefits that he would have attained had he not been unlawfully discharged;

C. Judgment against the Defendants for all salary, wages, and benefits that BANKS would have received, but for her wrongful termination, including, but not limited to back pay, front pay, past and future pecuniary losses, and prejudgment interest;

D. Judgment for compensatory damages against the Defendant, in an amount to be determined at trial;

E. An award of costs of this action against the Defendant including reasonable attorneys fees in accordance with 42 USC §1988;

F. An order requiring Defendants to remove any and all negative information from BANKS'S personnel file and employment records and to correct or withdraw and such information that previously has been communicated or disseminated to any public agency, licensing or regulatory board, or third party relating to BANKS and to refrain from communicating or disseminating any such negative information in the future;

G. A permanent injunction preventing Defendant from further violations of BANKS'S rights under Section 1981 *et seq.*; and

H. Such other relief as this Court may deem just and equitable.

LEONTYNE S. BANKS

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith IL6180407
Attorney for Plaintiff
10 N. Martingale Road
Suite 400
Schaumburg, Illinois 60173
847-466-1099